UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| 444 UTOPIA LANE, LLC AND 29360 N. HWY 281, LLC, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 5:20-cv-00716 |
| PELEUS INSURANCE COMPANY AND CLEARVIEW RISK INSURANCE PROGRAMS, LLC d/b/a STRATA UNDERWRITING MANAGERS, | § § § § § | |
| Defendants. | § | |

## DEFENDANT PELEUS INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Peleus Insurance Company files this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully states.

## I.
## INTRODUCTION

1.      Plaintiffs 444 Utopia Lane, LLC and 29360 N. Hwy 281, LLC (collectively, "Plaintiffs"), commenced this action on May 8, 2020 by filing Plaintiffs' Original Petition and Requests for Disclosure ("Original Petition") in the 216th Judicial District Court of Kerr County, Texas – Cause No. 20244A.

2.      This lawsuit arises out of Plaintiffs' claim for coverage under a commercial property insurance policy issued by Peleus for physical loss or damage allegedly sustained by a commercial property owned and/or managed by Plaintiffs as the result of a hail event reportedly occurring on May 26, 2016 ("Claim").

3.     Plaintiffs' Original Petition, which includes a jury demand, names Peleus and ClearView Risk Insurance Programs, LLC d/b/a Strata Underwriting Managers ("Strata Underwriting Managers") as defendants.

4.     Strata Underwriting Managers acted as Peleus' managing general agent with respect to the binding and issuance of the commercial property insurance policy under which Plaintiffs seeks coverage; however, Strata is not a party to said policy.

5.     Plaintiffs attempted to serve Peleus with process in this action by serving the Commissioner of Insurance for the Texas Department of Insurance. The Texas Department of Insurance received a copy of Plaintiffs' Original Petition on May 20, 2020. However, due to deficiencies in the citation accompanying Plaintiffs' Original Petition, the Texas Department of Insurance did not transmit Plaintiffs' Original Petition to Peleus, but rather returned the pleading and accompanying citation to Plaintiffs' counsel unserved.

6.     Without waiving and specifically reserving its right to assert that Plaintiffs have not properly served Peleus, Peleus files this Notice of Removal within the 30-day period required by 28 U.S.C. § 1446(b)(2)(B).

7.     Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this district.

8.     Peleus need not obtain Strata Underwriting Managers' consent to removal because Strata Underwriting Managers was improperly joined as a defendant in this action.[1] However, to the extent Strata Underwriting Managers' consent is required, Strata Underwriting Managers – which is represented by the undersigned counsel – consents to the removal of this action.

---

[1]   *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

Accordingly, the requirement that all defendants consent to removal is satisfied.

## II.
## BASIS FOR REMOVAL

9.     Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees. These two conditions are clearly satisfied in this matter.

**A.     Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiffs and Peleus.**

10.     Plaintiff 444 Utopia Lane, LLC is a Texas limited liability company with its principal place of business in the State of Texas. The citizenship of a limited liability company is determined by the citizenship of its members.[2] Plaintiff 444 Utopia Lane, LLC's only reported members/managers are Michael Garcia and NAPA, LLC. Michael Garcia is an individual who is domiciled and resides in Texas. NAPA, LLC is a Texas limited liability company with its principal place of business in the State of Texas. only reported members/managers are Allen Kianipey and Parvin Mohazabnia – both of whom are domiciled and reside in Texas. Plaintiff 444 Utopia Lane, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

11.     Plaintiff and 29360 N. Hwy 281, LLC is a Texas limited liability company with its principal place of business in the State of Texas. Plaintiff and 29360 N. Hwy 281, LLC's only reported member/manager is Michael Garcia – an individual who is domiciled and resides in Texas. Plaintiff and 29360 N. Hwy 281, LLC is thus a citizen of Texas for diversity jurisdiction purposes.

12.     Defendant Peleus is an insurance company incorporated in the State of Virginia

---

[2]     *See Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

with its principal place of business in Virginia. Peleus is thus a citizen of Virginia for diversity jurisdiction purposes.

13.     Defendant ClearView Risk Insurance Programs, LLC d/b/a Strata Underwriting Managers is a limited liability company organized under the laws of the State of Texas. ClearView Risk Insurance Programs, LLC's sole member/manager is ClearView Risk Holdings, LLC – a limited liability company organized under the laws of the State of Delaware. The members/managers of ClearView Risk Holdings, LLC's are citizens of Illinois, New York, and Texas. Defendant Strata is thus a citizen of Illinois, New York, and Texas for diversity jurisdiction purposes. However, this Court may disregard Strata Underwriting Managers' citizenship in determining jurisdiction under 28 U.S.C. § 1332(a) because Strata Underwriting Managers' was improperly joined as a defendant in this action.

14.     Because Plaintiffs are citizens of Texas and Peleus – the only properly-joined defendant in this action – is a citizen of Virginia, complete diversity of citizenship exists in this lawsuit.

### *(1)     Plaintiffs Improperly Joined Strata Underwriting Managers as a Defendant to Defeat This Court's Jurisdiction.*

15.     For at least two independent reasons, Plaintiffs have no reasonable possibility of recovery against Strata Underwriting Managers, which was improperly joined as a defendant in this action to defeat this Court's jurisdiction.

> *(a)     Plaintiffs have no viable right of recovery against Strata Underwriting Managers because Peleus' elected to accept legal responsibility for the alleged acts and/or omissions forming the basis of Plaintiffs' purported causes of against Strata Underwriting Managers.*

16.     Defendant Strata Underwriting Managers has been improperly joined as a defendant in this action, and its citizenship should be disregarded for purposes of diversity jurisdiction. A court must disregard the citizenship of a non-diverse party if the removing

defendant shows improper joinder by either: (1) "actual fraud in the pleading of jurisdictional facts"; or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Under the second method, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."[4]

17.    Here, Plaintiffs' Original Petition fails to establish a reasonable possibility of recovery against Strata Underwriting Managers because Plaintiffs lack a valid claim upon which relief may be granted as to Strata Underwriting Managers under Texas law. Plaintiffs' lawsuit is governed by Chapter 542A of the Texas Insurance Code, which applies to actions on first-party insurance claims arising from alleged damage to covered property caused by "forces of nature," such as "a flood, a tornado, lightning, a hurricane, hail, wind, a snowstorm, or a rainstorm."[5]

18.    Under Chapter 542A, an insurer "may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."[6] Whether the insurer makes such an election "before a claimant files an action" or "thereafter," the result is the same: "the court shall dismiss" the action against the agent with prejudice.[7] In either event, the insurer "may not revoke, and a court may not nullify,

---

[3]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)

[4]   *Id.*

[5]   TEX. INS. CODE ANN. § 542A.001(2).

[6]   TEX. INS. CODE ANN. § 542A.006(A).

[7]   *Compare* TEX. INS. CODE § 542A.006(b) *with* § 542A.006(c).

[the] insurer's election."[8] The statute does not require the insurer's written notice of election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent.[9]

19.     For purposes of this Notice of Removal, it is beyond dispute that Strata Underwriting Managers is Peleus' "agent" as defined by section 542A.001(1) of the Texas Insurance Code.[10] Indeed, in the statutory demand letter Plaintiffs sent to Peleus before commencing this suit, Plaintiffs plainly allege that "Strata is Peleus' agent for the reporting, administering, and adjusting [of] claims under the insured's master policy."[11] Plaintiffs' Original Petition includes similar allegations of agency.[12]

---

[8]   TEX. INS. CODE § 542A.006(f).

[9]   *See generally* TEX. INS. CODE § 542A.006.

[10]   *See* TEX. INS. CODE ANN. § 542A.001(1) ("Agent" means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.")

[11]   Exhibit G [Plaintiffs' 542A Notice Letter] at 1 (alleging that "Strata is Peleus's agent for the reporting, administering, and adjusting claims under the insured's master policy").

[12]   *See* Exhibit B [Plaintiffs' Original Petition] at 5 (stating that "Strata Underwriting Managers is the underwriting manager for the placement of the master policies and the administrator of the insurance programs" at issue); *id.* at 5 (stating that "Strata Underwriting Managers is also listed as the surplus lines agent, who issued the subject insurance policy"); *id.* at 6 (alleging that Strata Underwriting Managers is the agent of Peleus and, as such, Peleus is liable for the acts of the Strata Underwriting Managers"). Despite these clear allegations of agency, Plaintiffs' Original Petition also states – without any factual support – that "Strata is the *principal* in the insurance program with Peleus for the selling and issuing of the subject policy and the reporting, administering, and adjusting of any claims under that policy." *See* Exhibit B [Plaintiffs' Original Petition] at 5. Given the allegations in Plaintiffs' statutory demand letter, which state (in pertinent part) that "Strata is Peleus's *agent* for the reporting, administering, and adjusting claims" under Plaintiffs' policy, coupled with the fact that Plaintiffs' counsel has made substantially similar allegations of agency in several other lawsuits against Peleus, Peleus presumes the Original Petition's isolated reference to Strata Underwriting Managers as the principal of Peleus is made in error. If that is not the case, Plaintiffs' conclusory statement regarding Peleus Insurance Company's relationship with Strata Underwriting Managers is simply false. As set forth in the attached Declaration of Tim Drake, all actions undertaken by Strata Underwriting Managers with respect to the insurance policy under which Plaintiffs seek

---

20.     It is also undisputed that Peleus – via a letter dated March 23, 2020 – elected to accept whatever liability its agents might have to Plaintiffs in connection with the insurance Claim made the basis of this lawsuit, stating:

> [P]ursuant to Texas Insurance Code § 542A.006, [Peleus] has elected accept the liability of Strata Claims Management, LLC, Engle Martin & Associates, LLC, George Mares, Rodger Truitt, ***and any other agent or representative of [Peleus]*** with respect to (i) the alleged acts or omissions referenced in your notice letter dated December 19, 2019 and/or (ii) any other alleged acts or omissions relating to [Plaintiffs'] Claim.[13]

21.     Because Peleus provided Plaintiffs with written notice of its election of legal responsibility under section 542A.006, Texas statute mandates that all causes of action asserted against its agent – Strata Underwriting Managers – be dismissed with prejudice. As a result, there is no possibility that Plaintiffs might recover against Strata Underwriting Managers on any of the causes of action pleaded in Plaintiffs' Original Petition, and this Court should disregard Strata Underwriting Managers' citizenship for purposes of 28 U.S.C. § 1332(a).

---

coverage and/or the insurance Claim made the basis of this lawsuit were undertaken by Strata Underwriting Managers on behalf of Peleus in its capacity as managing general agent for Peleus. *See* <u>Exhibit I</u> [T. Drake Decl.] at ¶7.

[13]     *See* <u>Exhibit H</u> [Peleus' 542A.006 Notice of Election] at 3-4 (emphasis added). In the event Plaintiffs' contend the election of liability included in Peleus' letter dated March 23, 2020 was somehow deficient with respect to Strata Underwriting Managers, which Peleus expressly disputes and denies, pursuant to Texas Insurance Code § 542A.006, Peleus hereby reiterates and restates its election to accept the liability of its agent – ClearView Risk Insurance Programs, LLC d/b/a Strata Underwriting Managers – with respect to (i) the alleged acts or omissions referenced in Plaintiffs' notice letter dated December 19, 2019 and/or (ii) any other alleged acts or omissions relating to Plaintiffs' Claim, including (without limitation) all acts or omissions alleged in Plaintiffs' Original Petition. This election is unconditional and cannot be revoked pursuant to statute.

       (b)    *Plaintiffs' allegations of "joint enterprise" liability provide no independent basis for recovery against Strata Underwriting Managers and fail to state a claim against Strata Underwriting Managers upon which relief can be granted.*

22.      In short, Peleus' election to accept legal responsibility for the alleged acts and omissions of its agent – Strata Underwriting Managers – has left Plaintiffs without any viable right of recovery against Strata Underwriting Managers, including any purported right of recovery under Plaintiffs' allegations of "joint enterprise" liability. However, in the event Plaintiffs contend their allegations of a purported "joint enterprise" between Peleus and Strata Underwriting Managers constitutes an independent cause of action or provides an independent basis for recovery against Strata Underwriting Managers that circumvents Peleus' statutory election of legal responsibility under section 542A.006 of the Texas Insurance Code, which Peleus expressly disputes and denies, any such argument is unavailing because Plaintiffs' allegations of "joint enterprise" liability fail – as a matter of law – to state a claim against Strata Underwriting Managers upon which relief can be granted.

**B.    Removal is Proper Because Plaintiffs' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

23.      Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." "To determine whether the amount in controversy is satisfied, the Court must look to the complaint at the time it was filed. . . . An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[14]

---

[14]  *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted); *see also KVOS, Inc. v. Associated Press*, 299 U.S. 269, 277, 57 S. Ct. 197, 200, 81 L. Ed. 183 (1936) (same).

24.     Here, Plaintiffs' Original Petition states that Plaintiffs seek to recover damages in excess of $200,000, but no more than $1,000,000 in this lawsuit.[15] Peleus denies the validity and merits of Plaintiffs' claims, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested. However, for purposes of removal only, and without conceding that Plaintiffs are entitled to any damages or other relief in this action, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     Because there is complete diversity between the parties and the amount in controversy exceeds $75,000 excluding interest, costs, and attorneys' fees, this Court has jurisdiction under 28 U.S.C. § 1332(a), and this action is removable under 28 U.S.C. § 1441(b).

### III.
### COMPLIANCE WITH 28 U.S.C. § 1446

26.     As required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a.     the docket sheet in the state court action, attached as Exhibit A to Notice of Removal; and

    b.     each pleading, writ, or order filed, issued, or entered in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as Exhibits B - F to Notice of Removal.

27.     In addition to the documents required by 28 U.S.C. § 1446(a), a copy of each of the following are attached to (or filed with) this Notice of Removal:

    a.     Notice Letter from Plaintiffs' counsel – Robert W. Loree – dated December 19, 2019 [Plaintiffs' 542A Notice Letter], attached as Exhibit G to Notice of Removal;

---

[15]   *See, e.g.,* Exhibit B [Plaintiffs' Original Petition] at 1 and 10.

  b. Letter from Peleus' counsel – James W. Holbrook, III – to Robert W. Loree dated March 23, 2020 [Peleus' 542A.006 Notice of Election], attached as <u>Exhibit H</u> to Notice of Removal; and

  c. Declaration of Tim Drake dated June 17, 2020, attached as <u>Exhibit I</u> to Notice of Removal.[16]

28. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice, and Peleus will promptly file a copy of this Notice with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Peleus Insurance Company hereby provides notice that this action is duly removed from the 216th Judicial District Court of Kerr County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

---

[16] In conducting an improper joinder analysis, a district court may "pierce the pleadings" and conduct a summary judgment inquiry. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Piercing the pleadings is appropriate when "a plaintiff has stated a claim but has 'misstated or omitted discrete facts that would determine the propriety of joinder.'" *Craig Penfold Props., Inc. v. Travelers Cas. Ins. Co.,* No. 3:14-CV-326-L, 2014 WL 4055356, at *3 (N.D. Tex. Aug. 14, 2014). That is the case here – as Plaintiffs' Original Petition misstates or omits discrete facts critical to this Court's improper joinder analysis, including (without limitation): (a) known facts regarding Peleus' relationship with Strata Underwriting Managers; (b) known facts regarding Strata Underwriting Manager's role in the issuance of the insurance policy under which Plaintiffs' seek coverage and the investigation/evaluation of the insurance Claim made the basis of this lawsuit; and (c) the fact indisputable fact that Peleus elected to accept legal liability for any alleged acts or omissions of its agent – Strata Underwriting Managers – relating to the Claim.

Respectfully submitted,

**ZELLE LLP**


By: _/s/ James W. Holbrook, III_
    James W. Holbrook, III
    Texas Bar No. 24032426
    jholbrook@zelle.com
    Bennett A. Moss
    Texas Bar No. 24099137
    bmoss@zelle.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

      This is to certify that on June 18, 2020, a true and correct copy of the foregoing document was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

    Robert Loree
    rob@lhllawfirm.com
    Stephen M. Fields
    stephen@lhllawfirm.com
    LOREE & LIPSCOMB
    The Terrance at Concord Park
    777 East Sonterra Boulevard, Suite 320
    San Antonio, TX 78258
    Telephone:    210-404-1320
    Facsimile:    210-404-1310
    ***Counsel for Plaintiffs***

        _/s/ James W. Holbrook, III_
        James W. Holbrook, III