UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| 444 UTOPIA LANE, LLC and 29360 N. HWY 281, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>**PELEUS INSURANCE CO., ET AL.**<br><br>*Defendants.* | §<br>§<br>§<br>§  Civil Action No. SA-20-CV-0716-XR<br>§<br>§<br>§<br>§ |

**ORDER**

On this day, the Court considered Plaintiffs' Motion to Remand (docket no. 5) and the response in opposition thereto. The issue is whether non-diverse party ClearView Risk Insurance Programs, LLC d/b/a Strata Underwriting Managers ("Strata Underwriting") is improperly joined. After careful consideration, the Court will deny the motion.

**Background**

Plaintiffs 444 Utopia Lane, LLC and 29360 N. Hwy 281, LLC brought this insurance action against Peleus Insurance Company and Strata Underwriting, alleging that Plaintiffs purchased a property insurance policy from Strata Underwriting to cover property losses, and that a hailstorm caused substantial damage to their property on or about May 26, 2016. Plaintiffs allege that they reported the loss to Strata Underwriting and their agents, who assigned a claim number. Plaintiffs allege Strata Underwriting then engaged Engle Martin and its adjuster to inspect the property and adjust the claim. Plaintiffs allege that the adjuster inspected on March 7, 2019, and George Mares of Strata Underwriting denied coverage on the grounds that damages were reported more than 365 days following expiration of the policy according to a covenant in the policy. Plaintiffs assert they did not agree to the covenant and that Defendants cannot invoke the covenant because they have not shown prejudice from the delay.

1

Plaintiffs sue both Peleus and Strata Underwriting under a joint enterprise liability theory, alleging that the policy lists Strata Underwriting as the issuing and responsible entity and names Peleus as one of the insurance companies providing coverage. Plaintiffs quote the Declarations Certificate, which states, "Strata Underwriting Managers is the underwriting manager for the placement of the master policies and the administrator of the insurance programs. Strata Underwriting Managers receives commissions and fees related to the insurance programs." Plaintiffs note that Strata Underwriting is also listed as the surplus lines agent, who issued the subject insurance policy, and that the Declarations Certificate also names Strata Claims Management, LLC, a subsidiary of Defendant Clearview Risk Insurance Programs, LLC, as its designated adjuster for any loss or claim under the policy. Plaintiffs further allege that another Clearview affiliated entity, Strata Real Estate Services Association, is designated as the first named insured and makes any claim payment due to the insured who purchased the policy.[1] Plaintiffs allege "Stata is the principal in the insurance program with Peleus for the selling and issuing of the subject policy and the reporting, administering, and adjusting of any claims under that policy." Plaintiffs allege that "[d]uring the adjustment of the claim, Plaintiffs had no direct communications with Peleus, but instead all of the communications came from Strata, including the ultimate claim decision."

---

[1] The Declarations Certificate includes a "Sole Agent Provision," which states,

> For any insurance afforded by this policy, Strata Real Estate Services Association shall act on behalf of all Named Insured with respect to the giving and receiving of notice of cancellation or nonrenewal, the payment of premiums and the receiving of return premiums, and accepting any endorsement issued to form a part of this policy. The retail agent is responsible for notifying all insured and lenders of such actions.

It also includes a provision titled "Designated Loss Adjusters," which states that Strata Claims Management, LLC will adjust each and every loss unless otherwise designated by Strata Real Estate Services Association.

**Procedural Background**

Plaintiffs sent a notice letter to Peleus, Strata Underwriting, and Strata Claims Management on December 19, 2019. On March 23, 2020, counsel for Peleus responded, stating that, upon receiving notice of the claim, Peleus, with the assistance of Strata Claims Management LLC (third party administrator) and Engle Martin & Associates, LLC (independent adjusting firm), promptly commenced its investigation and evaluation of the claim, and thereafter denied coverage because notice of the claim was untimely. At the end of the letter, counsel stated, "as noted in our correspondence dated February 17, 2020, pursuant to Texas Insurance Code § 542A.006, [Peleus] has elected to accept the liability of Strata Claims Management, LLC, Engle Martin & Associates, LLC, George Mares, Rodger Truitt, and any other agent or representative of [Peleus] with respect to (i) the alleged acts or omissions referenced in your notice letter dated December 19, 2019 and/or (ii) any other alleged acts or omissions relating to the Insured's Claim." ECF No. 1-10.

Plaintiffs filed this action on May 8, 2020, bringing claims against Strata Underwriting and Peleus for breach of contract, violations of Chapter 541 and Chapter 542 of the Texas Insurance Code, DTPA violations, and breach of the duty of good faith and fair dealing. Both defendants answered in state court, with Strata Underwriting denying that it is a party to the insurance contract. Defendant Peleus removed the case on the basis of diversity jurisdiction, asserting that Strata was improperly joined and citing its March 23, 2020 letter accepting liability of "any other agent or representative of Peleus." In a footnote, Peleus also expressly stated its election to accept liability of Strata Underwriting with respect to all acts or omissions relating to Plaintiffs' claim. Plaintiffs move to remand, asserting that Strata is properly joined and that diversity is lacking.

## Analysis

For diversity jurisdiction to be proper, the "court must be certain that all plaintiffs have a different citizenship from all defendants." *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir.1988). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). A removing party can establish federal jurisdiction based on diversity by demonstrating that a non-diverse defendant has been "improperly joined." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, a removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). A plaintiff cannot establish a cause of action against a defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the defendant. *Smallwood*, 385 F.3d at 573.

A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573; *see also Gray v. Beverly Enterprises-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) ("the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery").

Peleus asks the Court to pierce the pleadings and conduct a summary inquiry to make the improper joinder determination.[2] Such a procedure is appropriate to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. *Smallwood*, 385 F.3d at 573-74.[3] "For example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, a party's residence was not as alleged, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

Peleus contends that Plaintiffs' Petition misstates or omits discrete facts critical to this Court's improper joinder analysis, including (without limitation): (a) known facts regarding Peleus's relationship with Strata Underwriting Managers; (b) known facts regarding Strata Underwriting Manager's role in the issuance of the insurance policy under which Plaintiffs seek coverage and the investigation/evaluation of the insurance claim made the basis of this lawsuit; and (c) the fact that Peleus elected to accept legal liability for any alleged acts or omissions of its agent – Strata Underwriting Managers – relating to the claim. Peleus contends that Strata Underwriting was Peleus's managing general agent with respect to the binding and issuance of the policy, but that Strata Underwriting is not a party to the policy. Defendant contends that Plaintiffs have no viable right of recovery against Strata Underwriting because Peleus elected to accept legal responsibility for the alleged acts and/or omissions forming the basis of Plaintiff's claims against Strata under Texas Insurance Code Chapter 542A.

---

[2] Peleus also contends that the pleadings fail to state a claim against Strata Underwriting, but the pleadings satisfy Rule 12(b)(6), and in any event, the Fifth Circuit has directed courts to "use one and only one of [the two methods], not neither or both." *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 207 (5th Cir. 2016).

[3] However, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[-]diverse defendant." *Davidson v. Georgia-Pac. LLC*, 819 F.3d 758, 765 (5th Cir. 2016) (*quoting McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004)). An absence of proof by the plaintiff is not alone sufficient for establish improper joinder.

In their motion to remand, Plaintiffs contend that Strata was properly joined because "its conglomeration of entities provided insurance to Utopia through a Joint Venture with Peleus[;] specifically Strata: (1) sold the policy; (2) underwrote the policy; and (3) provided the insurance coverage while being a named insured under the policy." Plaintiffs argue that Peleus essentially assigned all of its responsibilities under the policy to Strata, and therefore Strata should be liable for both contractual and extra-contractual claims. Plaintiffs note their petition alleges that Strata handled virtually all aspects of placement of the insurance policy, that the declaration page is printed on Strata letterhead and outlines Strata's broad powers and compensation, and the policy lists Strata as the surplus lines agent who issued the policy. Plaintiffs further allege that Strata Real Estate Services Association is the first named insured under the master policy and is designated to act on behalf of all Named Insureds. Thus, Plaintiffs contend, because Strata-related entities sold the policy, underwrote the policy, and one is a named insured, Peleus and Strata were engaged in a joint enterprise to provide Plaintiffs with insurance. Plaintiffs contend that this is a valid theory of liability and claim under Texas law, citing *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 222 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Plaintiffs further contend that Peleus could not elect to accept responsibility for Strata under Chapter 542A because it allows insurers to accept responsibility for adjusters and claims representatives, and is limited to whatever liability an agent might have. Plaintiffs argue that Strata was not an agent of Peleus in relation to the claim. Plaintiffs acknowledge that Peleus validly accepted responsibility for Strata Claims Management, the designated loss adjuster, and Plaintiffs did not sue Strata Claims Management. Rather, Plaintiffs sued Strata Underwriting, the underwriting manager, managing general agent, and surplus lines agent, and the actions Plaintiffs complain of to establish the joint venture predate the claim by more than 32 months. Plaintiffs

also argue that Strata cannot be both an insured (as Strata Real Estate) and an agent of the insurer on the same claim, that there are breach of fiduciary duty implications and "too many irons in the fire to clearly determine [that Strata] is an 'agent' of the 'insurer' in relation to the 'claim.'" ECF no. 5 at 9. Plaintiffs contend that Strata Underwriting did not engage in any acts or omissions relating to the claim for Peleus to accept liability for, and thus it cannot accept liability for Strata Underwriting.

Section 542A.006 provides that in any action to which Chapter 542A applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice. TEX. INS. CODE § 542A.006(b). If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice. TEX. INS. CODE § 542A.006(c). In any case, an insurer "may not revoke, and a court may not nullify, an insurer's election." TEX. INS. CODE § 542A.006(f). The statute does not require the insurer's written notice of the election to be made in any particular form, nor does it require the insurer to take any steps other than the election in order for the court to dismiss the action against the agent. "Agent" is defined as "an employee, agent, representative, or adjuster who performs any act on behalf of an insurer." TEX. INS. CODE § 542A.001.

The Court must decide if the evidence demonstrates that Plaintiff has no possibility of recovery against Strata Underwriting. *Cumpian v. Alcoa Word Alumina, LLC*, 910 F.3d 216, 220 (5th Cir. 2018). The question is thus whether the evidence demonstrates that Strata Underwriting was Peleus's agent with respect to its acts or omissions related to Peleus's claim and whether Peleus accepted whatever liability it might have.

In this case, Peleus contends it made the election to accept responsibility for Strata Underwriting before Plaintiffs filed suit, and then re-iterated its election in its Notice of Removal. Peleus contends that Strata Underwriting is its agent with respect to the claim. It provides evidence in the form of an Affidavit from Tim Drake, Vice President – Claims Litigation for Strata Underwriting. He states that Strata Underwriting acted as the managing general agent for Peleus with respect to the binding and issuance of the policy and corresponding declarations certificate and acted as the surplus lines agent for Peleus with respect to the placement of the policy. Drake states that Strata Underwriting is not an insurer and is not a party to the policy, and all actions undertaken by Strata Underwriting with respect to the policy and/or Plaintiff's claim for coverage were taken in its capacity as managing general agent for Peleus. Peleus contends that Strata Underwriting had no role in determining the cause, extent, and/or timing of the physical loss or damage made the basis of Plaintiff's claim, nor did it make any recommendations or decisions as to whether the physical loss or damage made the basis of the Claim was covered under the policy.

Despite the allegations in their Petition, Plaintiffs do not dispute that Strata had no role in processing or denying their claim, and instead argue that Strata's conduct as underwriting manager, managing general agent, and surplus lines agent is the basis for Plaintiffs' joint venture claims against Strata Underwriting, and that Peleus cannot accept liability for these actions

because they do not relate to the claim. Plaintiffs allege that Peleus and Strata Underwriting were engaged in a joint enterprise to provide Plaintiffs with insurance. Plaintiffs argue that Strata Claims Management was the adjuster and is an agent for whom Peleus properly accepted liability, but Strata Underwriting "was the underwriting manager, managing general agent, and surplus lines agent, with regard to placement of the policy and creation of the insurance program" and "[a]ll of these actions predate the claim by more than 32 months" and form "the basis for Plaintiffs' joint venture claims against Defendant Strata." Plaintiffs assert that their chief complaint is about the reporting time requirement in the policy (used as the basis to deny the claim) being contrary to Texas law. Plaintiffs further contend that Strata is not clearly an agent of the insurer Peleus in relation to the claim because Defendant Strata's subsidiary, Strata Real Estate Services, is the first named insured and the sole agent for Plaintiffs.

Plaintiffs incorrectly attempt to limit the scope of "agent" in § 542A.006 to representatives and adjusters. However, the definition includes any "employee, agent, representative, or adjuster who performs any act on behalf of an insurer." TEX. INS. CODE § 542A.001. Thus, it clearly includes agents beyond representatives and adjusters. And, as Plaintiffs acknowledge, this Court has already decided that it can include entities, not just individuals. *Bexar Diversified MF-1, LLC v. Gen. Star. Indemnity Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019). Peleus may accept "whatever liability an agent might have to [Plaintiffs] for the agent's acts or omissions related to the claim." A "claim" is a first-party claim that is made by an insured under an insurance policy for real property, must be paid by the insurer directly to the insured, and arises from damage to or loss of covered property caused by forces of nature. "Acts or omissions related to the claim" is not restricted solely to claims handling once the insured files a claim. Thus, Strata Underwriting's

9

acts or omissions in placing the insurance, as Peleus's agent, are within the scope of § 542A.006. Peleus has provided uncontradicted evidence that Strata Underwriting acted as its agent in placing the insurance. The fact that another Strata entity, Strata Real Estate Services, has a role as a named insured does not alter the fact that Strata Underwriting is an agent for Peleus (as Plaintiffs admit) with respect to the acts complained of, and those acts relate to Plaintiff's claim such that Peleus can accept liability for its acts and omissions.

Although Peleus did not name Strata Underwriting as an agent for whom it accepted liability in its letter of March 2020, it included broadly "any agent" and then expressly named Strata Underwriting in its Notice of Removal. As Plaintiff concedes, this Court has previously decided that both pre-suit and post-suit elections of acceptance of liability are sufficient to establish improper joinder. *Bexar Diversified MF-1, LLC v. Gen. Star. Indemnity Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019). Thus, the Court finds that Strata Underwriting is improperly joined, and otherwise finds that diversity of citizenship exists between Plaintiffs and Peleus and that the amount in controversy requirement is met.

## Conclusion

Plaintiff's motion to remand (docket no. 5) is DENIED. The Court finds that Clearview Risk Insurance Programs, LLC d/b/a Strata Underwriting Manages is improperly joined and therefore DISMISSES all claims against it WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SIGNED August 11, 2020.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE